IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3142 |
| | ) | |
| v. | ) | |
| | ) | |
| MARY ELIZABETH MCDANIEL, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Mary Elizabeth McDaniel (McDaniel) has filed a Motion to Vacate Under 28 U.S.C. § 2255. (Filing no. 178.) Because the files and records conclusively establish that McDaniel is not entitled to relief, the motion will be denied.

*I.*

Pursuant to the Criminal Justice Act, McDaniel was represented by a very experienced criminal defense lawyer, Don Schense. Schense has prior experience as a federal and state prosecutor. I know Schense to be a kind, committed and zealous advocate.

After a jury trial, McDaniel was convicted of a "crack" conspiracy and sentenced to 151 months in prison to run concurrently with an unrelated state sentence of 8 to 14 years that she was serving for robbery and burglary. (E.g., filing no. 153 (PSR ¶ 45); filing no. 155 (Judgment).) The robbery and burglary involved an older person, and it was a particularly egregious crime.

I granted a departure motion (filing no. 148) submitted by Schense because I thought McDaniel's criminal history score of IV was too high, and, despite the recommendation of the probation officer (filing no. 154 (Sentencing

Recommendation)), I imposed a concurrent rather than consecutive sentence. I imposed a concurrent federal sentence to run at the same time as the unrelated state sentence because I believed that the statutory goals of sentencing would best be served by ameliorating the impact of the federal sentence on the defendant who was then 54 years of age, in poor health, and who was likely addicted to crack. Schense's advocacy was central to my decision.

Schense prosecuted an appeal challenging the sufficiency of the evidence. That appeal was unsuccessful. (Filing no. 173 (Unpublished Opinion).) This timely motion followed.

## *II.*

Contending that "151 months is too long for me to be doing when I am innocent," (filing no. 178 at CM/ECF p. 12), McDaniel claims that Schense rendered ineffective assistance of counsel. Condensed and summarized, McDaniel complains that Schense called no witnesses at the trial, Schense never made McDaniel aware of other choices such as pleading guilty and cooperating with the government, and Schense did not consult her regarding the appeal. (*Id.* at CM/ECF p. 4.)

In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel, the claimant must establish two things. The moving party must establish (1) that "'counsel's representation fell below an objective standard of reasonableness,'"[1] and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[1] A judge's "scrutiny of counsel's performance must be highly deferential" and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the distorting effects of hindsight" by examining the lawyer's performance from "counsel's perspective at the time" of the alleged error. *Strickland*, 466 U.S. at 690.

different.'"[2]  *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) quoting (*Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).)

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs or the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

McDaniel's motion fails on both prongs.  For example, the claim that Schense failed to call witnesses is wholly lacking in merit.  There is no showing that there were any witnesses who could have been called that would have been helpful to McDaniel, and there is no showing that the failure to call witnesses harmed McDaniel in any way.

Similarly, the alleged failure to speak with McDaniel about her alternatives–like pleading guilty and cooperating with the government–is belied by the record.  Schense scheduled a plea hearing for McDaniel and then he withdrew the request. (Filing no. 83.)  This suggests, at a minimum, that Schense conferred with McDaniel about a guilty plea.  Even if the foregoing were not the case, the alleged failure to talk about

---

[2] A "reasonable probability" is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it is more than a possibility.  *White v. Roper*, 416 F.3d 728, 732 (8th Cir.2005).  It must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

a guilty plea would not entitle McDaniel to relief even if it were true. On this record, there is no reason to believe that McDaniel would have accepted a guilty plea and that is particularly true given her continued claim of innocence.

As for the appeal question, McDaniel admits that Schense provided her with "some alleged appeal papers." (Filing no 178 at CM/ECF p. 4.) Even if that were not true, there is no reason to believe that more in-depth consultation would have changed the outcome of the appeal.

Mary McDaniel's case is a sad one.[3] That having been said, I am convinced that Schense did the best he could under the circumstances.

IT IS ORDERED that the Motion to Vacate under 28 U.S.C. § 2255 (filing no. 178) is denied with prejudice and this case is dismissed. A separate judgment will be issued.

DATED this 3rd day of October, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

[3] I note that Ms. McDaniel may be entitled to relief under the retroactive changes to the 2011 "crack" Guidelines. Her case is among those that are presently on a list of cases prepared by the probation office setting forth defendants who may be entitled to relief. That list has been made available to the Federal Public Defender who is handling sentence reduction matters for defendants in this district under the 2011 retroactive amendments. In addition, on August 10, 2011, Ms. McDaniel's letter to me regarding the length of her sentence was referred to the Federal Public Defender.