IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3142 |
| | ) | |
| v. | ) | |
| | ) | |
| MARY ELIZABETH McDANIEL, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant has filed a second § 2255 motion. (Filing no. 205. *See also* filing no. 179.) Relying upon *Alleyne v. United States*, 133 S.Ct 2151 (2013) (a fact that increases a statutory minimum sentence from a mandatory lower sentence to a mandatory higher sentence must be found by a jury), the defendant argues that because her sentence was enhanced, I must vacate her sentence. Her motion will be denied for three separate reasons.

First, the defendant has not secured the necessary certificate required to prosecute a second § 2255 motion. *See* 28 U.S.C. § 2555(h). Second, only the Justices can make a new rule of constitutional law such as *Alleyne* retroactive under 28 U.S.C. § 2254(h)(2), and since they have not done so, my Court of Appeals is unlikely to grant the required certificate as a result of *Alleyne*. *See, e.g.*, *In Re James Edward Payne,* —F.3d—, 2013 WL 5200425 (10th Cir., Sept. 17, 2013) (denying certificate sought on the basis of *Alleyne*); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013) (denying certificate sought on the basis of *Alleyne*). Third, the jury found that the defendant was responsible for 50 grams or more of crack, the statutory minimum sentence of 10 years was thus triggered by the jury and not a judge, there were no sentencing "enhancements" within the meaning of *Alleyne*, and the defendant's sentence (reduced under the Fair Sentencing Act) of 121 months is not

subject to challenge on the basis of *Alleyne*. (*Compare* filing no. 128 and filing no. 129 (jury verdict) *with* filing no. 153 (PSR) at CM/ECF pp. 7-8, ¶¶ 25-34.)

For the reasons set forth in this Memorandum and Order denying the defendant's § 2255 motion, I conclude that she has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). Therefore, I find, conclude and recommend that a certificate of appealability should not be issued.

IT IS ORDERED that the Motion to Vacate Under 28 U.S.C. § 2255 (filing No. 205) is denied and dismissed with prejudice. No certificate of appealability will be issued by the undersigned. A separate judgment will be issued.

DATED this 17th day of October, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge