IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3142 |
| | ) | |
| v. | ) | |
| | ) | |
| MARY ELIZABETH MCDANIEL, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant has filed a motion under 28 U.S.C. § 2255. I have conducted an initial review of the motion[1]. It plainly appears from the motion, any attached exhibits, and the record of prior proceedings that she is not entitled to relief.

The defendant, who was originally sentenced on February 25, 2010 (filing no. 155), seeks to aside her sentence under Amendment 794 to the Guidelines. Amendment 794 became effective November 1, 2015[2]. Amendment 794, pertaining to commentary in application notes regarding mitigating role in the offense, is not

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2] *See* Sentencing Guidelines for United States Courts, 80 Fed. Reg. 25,782, 25,782 (May 5, 2015) (reflecting that on April 30, 2015 the Sentencing Commission proposed amendments to § 3B1.2 to become effective November 1, 2015).

retroactive. *See* U.S.S.G. § 1B1.10(d). The defendant's sentence was final after her appeal was denied on December 27, 2010. (Filing no. 174.)

Moreover, United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016) does not help the defendant because that case involved whether Amendment 794 applied in a *direct appeal*. This is obviously not a direct appeal.

Still further, the sentence reductions (filing no. 189; filing no. 216) under the Fair Sentencing Act and later under Amendment 782 that the defendant received on various dates before November 1, 2015 (1) were *not new sentences* and (2) each time I *reduced* the defendant's sentence I was precluded from considering anything but the amendments which were explicitly retroactive. *See* U.S.S.G. § 1B1.10(a)(2)(3)&(d). So, the sentence reduction orders cannot serve as a spring board for applying Amendment 794.

Finally, a defendant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that the defendant is not entitled to a certificate of appealability.

IT IS ORDERED that the § 2255 motion (filing no. 229) is denied with prejudice, no certificate of appealability will be issued, and judgment will be entered by separate document.

DATED this 18th day of October, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge